```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

BRYAN F. CAMPBELL,
                                                             CIVIL CASE NO. 05-x-40260
                Plaintiff,

                                                              HONORABLE PAUL V. GADOLA
v.                                                   U.S. DISTRICT JUDGE

WACHOVIA BANK/FIRST UNION
NATIONAL BANK, et al.,

                Defendants.

_____/

**ORDER DENYING PLAINTIFF'S "VERIFIED PETITION PURSUANT TO FED. R. CIV. P. 27 TO PROVIDE DEPOSITION OR ADMISSIONS UPON THE ANSWERING OF WRITTEN QUESTIONS" AND MOTION FOR INJUNCTIVE RELIEF**

      Before the Court are Plaintiff's pro se "verified petition pursuant to FRCP 27 to provide deposition or admissions upon the answering of written questions" and "exparte [sic] motion for injunctive relief for Shiawassee County District Court case number 05-19-LT." The Court notes that Plaintiff has not yet filed a complaint in this Court, rather, these filings have been docketed as a miscellaneous matter. For the reasons stated below, the Court will deny the petition and the motion.

      Federal Rule of Civil Procedure 27 provides that a verified petition may be filed to request depositions before an action is filed in district court. The rule states:

      A person who desires **to perpetuate testimony** regarding

>any matter that may be cognizable in any court of the
>United States may file a verified petition in the United
>States district court in the district of the residence
>of any expected adverse party. The petition shall be
>entitled in the name of the petitioner and shall show:
>1, that the petitioner expects to be a party to an
>action cognizable in a court of the United States but is
>presently **unable** to bring it or cause it to be brought,
>2, the subject matter of the expected action and the
>petitioner's interest therein, 3, the facts which the
>petitioner desires to establish by the proposed
>testimony and the reasons for desiring to perpetuate it,
>4, the names or a description of the persons the
>petitioner expects will be adverse parties and their
>addresses so far as known, and 5, the names and
>addresses of the persons to be examined and the
>substance of the testimony which the petitioner expects
>to elicit from each, and shall ask for an order
>authorizing the petitioner to take the depositions of
>the persons to be examined named in the petition, for
>the purpose of perpetuating their testimony.

Fed. R. Civ. P. 27(a)(1)(emphasis added). First of all, it is not clear that Plaintiff is unable to file a suit against the "expected defendants" that he lists in the verified petition. As one treatise states, "[i]f plaintiff is able to sue presently, Rule 27(a) cannot be satisfied by contentions that it would nevertheless be difficult or inconvenient for plaintiff to file suit." Wright, Miller, & Marcus, <u>Federal Practice and Procedure: Civil 2d</u> § 2072. Plaintiff's petition appears to request discovery in order to discern the "true damaging party(s)" before filing a complaint. This rationale does not satisfy the requirement of Federal Rule of Civil Procedure 27, because nothing in the petition demonstrates that Plaintiff would be unable to file a complaint against the

"expected defendants" that he lists at this time.

Additionally, this rule is designed "to perpetuate testimony" or evidence that may be lost. There is no "danger of loss of testimony" alleged. Id. Rather, Plaintiff seeks assistance from the Court with discovery and investigation prior to a potential lawsuit. After reviewing the filings and researching the issue and relevant rule, the Court concludes that Plaintiff's request is without merit. The Court will therefore deny the petition for depositions or admissions.

Next, the Court notes that Plaintiff has filed a purported "exparte [sic] motion for injunctive relief for Shiawassee County District Court case number 05-19-LT." The Court first of all notes that this motion is unsupported by a brief, in violation of the Local Rules for this district. See E.D. Mich. Local R. 7.1(c)(1)(A). The Court will not address this motion, which is not filed within a pending case. Without a complaint and other supporting materials, the Court cannot determine its jurisdiction or whether irreparable harm exists. Furthermore, without additional background, the harm alleged and the injunction requested are too vague for the Court to address in its present form. Accordingly, this motion will be denied without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's "verified petition pursuant to FRCP 27 to provide deposition or admissions

upon the answering of written questions" is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: August 23, 2005          s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on ___August 24, 2005___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Bryan F. Campbell_____.

                                s/Ruth A. Brissaud
                                Ruth A. Brissaud, Case Manager
                                (810) 341-7845